**ALLACCESS LAW GROUP**
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave, Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for JACKSON SHERRY, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACKSON SHERRY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF MONTEREY,<br><br>　　　　　Defendant. | Case No. 23-3903<br><br>*Civil Rights*<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF: DENIAL OF DISABLED ACCESS TO PUBLIC FACILITIES; TITLE II OF THE AMERICANS WITH DISABILITIES ACT; VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 4450 ET. SEQ.; VIOLATION OF CALIFORNIA CIVIL CODE §§ 54, AND 54.1; AND RELATED CODES AND REGULATIONS.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JACKSON SHERRY complains of Defendant CITY OF MONTEREY and alleges as follows:

1. **INTRODUCTION**: Plaintiff JACKSON SHERRY (also "Mr. Sherry") cannot walk and relies on a manual wheelchair for mobility. Plaintiff is a "qualified" disabled person under all of California's disabled rights access statutes and regulations and under the statutes and regulations of the Americans with Disabilities Act of 1990. Plaintiff brings this action to require Defendant CITY OF MONTEREY ("Defendant" or "the City") to make streets, sidewalks, intersections, crosswalks, paths of travel owned by the City accessible to mobility impaired persons.

2. At all times relevant here, and continuing, Plaintiff was denied equal protection of the law and was denied his civil rights under state and federal law. As set forth in detail below, Plaintiff was denied his rights to full and equal access to streets, curbs, sidewalks, intersections, crosswalks, walkways, pedestrian paths of travel owned by the City because they are improperly constructed and not maintained in a manner accessible to and useable by persons with mobility disability. Plaintiff seeks injunctive relief requiring Defendant to make its streets, sidewalks, intersections, crosswalks, walkways, pedestrian paths of travel accessible to disabled persons with mobility disability. Plaintiff also seeks recovery of damages for his mental and emotional injuries and discriminatory experiences, and seeks recovery of reasonable attorney fees, litigation expenses and costs, according to statute.

3. **JURISDICTION**: This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims. Supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts, is predicated on 28 U.S.C. §1367. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

4. **VENUE:** Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that substantial part of the events or omissions giving rise to the claims occurred in this district and the property at issue is also located in this district.

5. **INTRADISTRICT ASSIGNMENT:** This case should be assigned to the San Jose

intradistrict as the property which is the subject of this action is in Monterey County and Plaintiff's causes of action arose in Monterey County.

6. **PARTIES**: Plaintiff is and at all times relevant here was an individual with a physical disability within the meaning of the ADA and California law. Plaintiff is a person with a disability resulting from a spinal cord injury that he suffered because of a car accident. He cannot walk and relies on a manual wheelchair for mobility. He also owns a disabled licensed vehicle and has been issued a California state placard for disabled parking, which entitles him to park in a properly configured disabled accessible parking spaces. Plaintiff relies on businesses and other public places to have accessible facilities so that he can live his life independently. Plaintiff is a resident of Monterey, California.

7. Defendant CITY OF MONTEREY is a public entity subject to Title II of the ADA, and to all other legal requirements referred to in this Complaint. Defendant is the owner, operator, lessor and/or lessee of the streets, including, but not limited to, the walkways, intersections, and crosswalks throughout the City of Monterey, California.

8. **FACTUAL BASES FOR COMPLAINT:** On June 28, 2022, Mr. Sherry had difficulty using the sidewalk at Adams St. between Bonifacio and E Franklin because of multiple uneven surfaces. Mr. Sherry also had trouble navigating in his wheelchair at the corner of Adams and E. Franklin because the curb cut is excessively sloped. It is impossible for Plaintiff to route the corner without entering the excessively sloped flared sides of the curb cut. This is extremely dangerous, and, on several occasions, he almost tipped over in his wheelchair sideways and fell out onto the ground. On June 28, 2022, Mr. Sherry submitted a grievance to Defendant complaining of those two inaccessible locations.

9. On July 8, 2022, Mr. Sherry had difficulties using the curb cuts at Jefferson and Calle Principal because of excessive slopes and cracks. Mr. Sherry again submitted a grievance form to Defendant.  Five months later, on December 13, 2022, Mr. Sherry returned to this intersection and was disappointed to learn that no changes had been made.

10. Also on July 8, 2022, Mr. Sherry had difficulties navigating in his wheelchair at the

intersection of Polk and Hartnell because there were various uneven sections. Mr. Sherry submitted another grievance to Defendant. On September 6, 2022, October 18, 2022; November 8, 2022, and April 7, 2023, Mr. Sherry used this intersection again. To his disappointment, he kept experiencing the same problems that he experienced on July 8, 2022. Each time he was using this intersection Mr. Sherry was in fear of losing control over his wheelchair because multiple uneven sections there made his wheelchair unstable.

11. On July 13, 2022, Mr. Sherry had difficulties using the crosswalk at the corner of Webster St. and Munras Avenue. The cracks throughout the crosswalk, for which he had submitted his grievance to the City nine months before, made it impossible for Mr. Sherry to safely cross within the painted area. In order to avoid the most severe cracks, Mr. Sherry was forced to move his wheelchair outside the painted area, thus placing himself at risk of being hit by a passing car.  The curb cuts that meet the street at uneven angles also made it difficulty for Mr. Sherry to safely travel through this area in a wheelchair.  Mr. Sherry submitted a grievance to the City twice; this location, however, remains inaccessible to Plaintiff including on September 6, 2022; September 27, 2022; October 18, 2022; November 8, 2022; December 13, 2022, and April 7, 2023

12. On August 6, 2022, and December 18, 2022, Mr. Sherry was denied access on Foam St. because several sidewalk panels along this street had cracks and/or are uneven surfaces making travel safely via wheelchair impossible. Also on these two dates, Plaintiff was denied access to the crosswalk at the corner of Foam and Dickman because there was no curb cut for him to use. Mr. Sherry had complained to the City regarding these accessibility barriers in a grievance form dated June 2, 2022. These accessibility barriers, however, have not been remediated.

13. On February 25, 2023, eight months after Mr. Sherry for the first time had complained to Defendant in a grievance form about the inaccessible sidewalk at Adams St. between Bonifacio and E Franklin, he revisited the location and discovered that the sidewalk at Adams St. was still inaccessible and outright dangerous to him because the sidewalk's surface

remained uneven, and the curb cut was excessively sloped.

14. Mr. Sherry is continuously denied access to the sidewalks in his neighborhood between his house at 741 Taylor St. and Forest Avenue due to lack of curb cuts or grading and surface material issues. Most streets lack sidewalks completely. Taylor St. has partial sidewalks with no curb cuts. Mr. Sherry keeps encountering these barriers at least three times a week,

15. Plaintiff will be denied full and equal access to the streets, sidewalks, intersections, crosswalks, paths of travel as long as these structures owned by the City remain non-compliant with state and federal accessibility standards. Plaintiff suffered difficulties, discomfort, and/or embarrassment, each time he encountered barriers to access while traveling through the City in his wheelchair. Defendant has thus denied Plaintiff his right to full and equal access to the City's structures where the public is allowed including, but not limited to, the streets, sidewalks and intersections under federal and state law, including California Government Code §§ 4450 et seq., Title II of the Americans with Disabilities Act of 1990, and Civil Code §§ 51, 54 and 54.1, each time when Ms. Sherry used or attempted to use the City's structures or was deterred from further attempts, and continuing until the present.

16. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title II cases. All these barriers to access render the City's structures inaccessible to and unusable by physical disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

17. At all relevant times, Defendant has possessed and enjoyed sufficient control and authority to modify the City's structures to remove impediments to physically disabled persons and to comply with the ADA, California law, and related regulations.

18. **GOVERNMENT CLAIM FILED:** On or about December 22, 2022, Plaintiff

served a "Claim Against Public Entity, City of Monterey," on Defendant the City of Monterey. On February 13, 2023, the City of Monterey rejected Plaintiff's claim. On or about July 12, 2023, Plaintiff served the second "Claim Against Public Entity, City of Monterey," on Defendant the City of Monterey. The second claim is still pending.

**FIRST CAUSE OF ACTION:**

**DISCRIMINATION IN VIOLATION OF TITLE II**

**OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

19. Plaintiff replead and incorporates by reference, as if fully set forth again here, the allegations contained in Paragraphs 1 through 18 of this Complaint and incorporate them herein as if separately repled.

20. At all times mentioned here, Plaintiff was entitled to the protections of the "Public Services" provisions of Title II of the ADA, Subpart A, which prohibits discrimination by any public entity as defined by 42 U.S.C. § 12131. Pursuant to 42 U.S.C. 12132, § 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the "services, programs or activities" of a public entity, or be subjected to discrimination by such entity. Mr. Sherry is, and at all times relevant here was, a qualified individual with a disability for all purposes under the ADA.

21. In violation of Title II of the ADA, Defendant has failed to ensure that individuals with physical disabilities are not excluded from "services, programs and activities" at the subject facilities and structures.

22. Sidewalks, crosswalks, and curbs are a "service" under Title II of the ADA.

23. Because of Defendant's failure to remove accessibility barriers to access to the City's structures to render them "accessible to and useable by" mobility impaired persons, despite actual notice of the inaccessible conditions, as more specifically set forth above, and by its policy decisions, Defendant has intentionally discriminated against Plaintiff in violation of Title II of the ADA and the regulations adopted to implement the ADA.

24. On information and belief, to the date of filing of this Complaint, Defendant has failed to make its structures as described here accessible to and usable by physically disabled persons, as required by law, and has failed to maintain existing structures (including sidewalks, crosswalks, and curbs) in a properly accessible condition. Defendant has also failed to prioritized improvement of disabled access to sidewalks/curb cuts over other non-disability access related construction/alteration.

25. Plaintiff requests that an injunction be ordered requiring that Defendant make all such structures described here accessible to and usable by mobility impaired disabled persons, and maintain such structures in an accessible condition, and open to and useable by disabled members of the public.

26. Plaintiff also requests an award of appropriate damages, litigation expenses, costs, and reasonable attorney fees, all as provided by law.

WHEREFORE, Plaintiff requests that this Court grant relief as requested below.

## SECOND CAUSE OF ACTION:

### VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 4450 et seq.

27. Plaintiff replead and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 26 of this Complaint and incorporate them here.

28. Plaintiff is informed and believe that the specified public structures such as streets, walkways, and curbs are owned and maintained by Defendant under Cal. Gov. Code§§ 4450 and 4451. Plaintiff is further informed and believe and on it alleges that Defendant has constructed, altered, or repaired parts of the facilities under Cal. Gov. Code§§ 4450 and 4451 since July 1, 1968, thereby triggering provision of access for persons with disabilities, as required by law. Since July 1, 1982, construction or alteration at such facilities also triggered access requirements under Title 24-2.

29. The actions and inactions of Defendant as alleged here constitutes a denial of

access to and use of the described public facilities by disabled persons under Cal. Gov. Code §4450 et seq.  Plaintiff has no adequate remedy at law, and unless the requested relief is granted Plaintiff will suffer irreparable harm because Defendant failed to fulfill its obligations to provide access to these structures owned and controlled by Defendant. Plaintiff seeks injunctive relief, damages, and recovery of reasonable attorney fees, litigation expenses and costs.

WHEREFORE, Plaintiff requests that this Court grant relief as requested below.

### THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACTION AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE §§ 54(c), 54.1(d)

30. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 29 of this Complaint and incorporates them here.

31. At all times relevant to this Complaint, California Civil Code § 54(a) has provided that:

> (a) Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings..., public facilities and other public places.

32. At all times relevant to this Complaint, California Civil Code § 54.1 has provided that physically disabled persons are not to be discriminated against because of physical handicap or disability in the use of a public facilities:

> . . . [P]hysically disabled persons shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor vehicles…or any other public conveyances or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation, and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or other

federal regulations, and applicable alike to all other persons.

33. Defendant has violated Cal. Civ. Code §§ 54, 54.1, et seq. by, among other things, denying and/or interfering with Plaintiff's right to full and equal access as other members of the general public to the accommodations, advantages, and related facilities due to Plaintiff F.Z.'s disability.

34. Any violation of the Americans with Disabilities Act of 1990 (as pled in the First Cause of Action) also constitutes a violation of §§ 54 (c) and 54.1(d) of the California Civil Code, thus independently justifying an award of damages and injunctive relief under California law. Plaintiff alleges that he has been denied such full and equal access as required by California law which incorporates the ADA.

35. California Civil Code §54.3 provides that any person or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in §54 and §54.1 or otherwise interferes with the rights of an individual with a disability, is liable for each offense for the actual damages and any amount as may be determined by a court or jury up to a maximum of three times the amount of actual damages but in no case less than $1,000, and such attorney fees that may be determined by the Court in addition thereto, suffered by any person denied any of the rights provided in §54 and §54.1.

36. As the result of Defendant's breach of its obligations, Plaintiff was denied readily accessible "programs, services, and activities" and his rights to full and equal access, in violation of his rights under §§54 and 54.1 California Civil Code, and suffered damages thereby, and as described above. Plaintiff is entitled to the relief and remedies of §54.3 Civil Code, including damages, and attorney fees, litigation expenses and costs, including attorney fees under § 1021.5 of the California Code of Civil Procedure.

WHEREFORE, Plaintiff requests that this Court grant relief as requested below.

## PRAYER FOR RELIEF

1. Issue a preliminary and permanent injunction directing that Defendant, as current

owner, operator, lessor and/or lessee of the City's structures, to modify the above-described structures and other non-conforming structures throughout the City so that Plaintiff may obtain the benefits of, and access to, Defendant's "programs, services and activities" in a "full and equal" manner as required by law; and to continue to maintain those structures for use by disabled persons;

2. Retain jurisdiction over Defendant until the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of the inaccessible City's structures as complained of here no longer occur, and will not recur;

3. Award to Plaintiff all appropriate damages, including, but not limited to, statutory damages, special damages, and general damages in an amount within the jurisdiction of the Court, according to proof;

4. Award to Plaintiff all litigation expenses and costs of this proceeding, and all reasonable statutory attorney fees as provided by law;

5. Award prejudgment interest under Civil Code § 3291; and

6. Grant any other relief that this Court may deem just and proper.


Dated: August 3, 2023      */s/ Irene Karbelashvili*
                           Irene Karbelashvili, Attorney for
                           Plaintiff JACKSON SHERRY


**DEMAND FOR JURY**

Plaintiff demands a jury for all claims for which a jury is permitted.


Dated: August 3, 2023      */s/ Irene Karbelashvili*
                           Irene Karbelashvili, Attorney for
                           Plaintiff JACKSON SHERRY